Filed 7/25/24  P. v. Lopez CA4/2
*See dissent*

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JOSE MARTIN LOPEZ,

    Defendant and Appellant.

E081552

(Super.Ct.No. FSB1400030)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Reversed with directions.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

In 2016, Jose Martin Lopez pled guilty to one count of attempted murder and admitted that he personally and intentionally discharged a firearm in the commission of the offense. (Pen. Code, §§ 187, 664, 12022.53, subd. (c); unlabeled statutory citations refer to this code.) In 2022, Lopez filed a petition to vacate his attempted murder conviction under section 1172.6. Relying on the testimony presented at the preliminary hearing and Lopez's admission of the firearm discharge enhancement, the trial court summarily denied the petition on the ground that Lopez was the direct perpetrator.

Lopez argues that the trial court erred by making an impermissible credibility determination about the preliminary hearing testimony and by misconstruing the legal import of the firearm enhancement. We agree. Lopez's petition sufficiently alleged a prima facie case for relief, and the record of conviction does not contain facts refuting his allegations. (*People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*).) We therefore reverse the order denying his petition and remand with directions to issue an order to show cause under section 1172.6, subdivision (c).

BACKGROUND

On December 31, 2013, the victim was shot in the side of his head while standing next to his brother in a grocery store parking lot. The victim survived, and his brother identified Lopez as the shooter. (*People v. Lopez* (June 21, 2017, E067646) [nonpub. opn.] at pp. *1-*2.)

2

The San Bernardino County District Attorney charged Lopez with the victim's attempted murder. At the preliminary hearing, the prosecution presented evidence through the testimony of four police officers that Lopez, acting alone, approached the victim in the grocery store parking lot, shot him, and drove away.[1] By information filed on November 8, 2016, the People alleged that Lopez committed one count of attempted murder (§§ 187, 664) and one count of shooting from a motor vehicle (§ 26100). The information also alleged three firearm enhancements as to both counts—personal use of a firearm (§ 12022.53, subd. (b)), personal and intentional discharge of a firearm (§ 12022.53, subd. (c)), and personal and intentional discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)).

The following day, while jury selection was underway, Lopez pled guilty to attempted murder and to the firearm discharge enhancement under section 12022.53, subdivision (c), and he was sentenced to the agreed term of 29 years in state prison. The parties stipulated that the preliminary hearing transcript provided a factual basis for the plea.

In September 2022, Lopez filed a petition to vacate his attempted murder conviction under section 1172.6. His petition alleged that (1) an information had been filed against him that allowed the prosecution to try him for attempted murder under the

---

[1] "Facts taken from the preliminary hearing transcript are provided for background purposes and to provide context for the parties' arguments. . . . [W]e take no position on whether this testimony from the preliminary hearing is admissible to determine [Lopez's] eligibility for resentencing." (*People v. Flores* (2022) 76 Cal.App.5th 974, 978, fn. 2 (*Flores*).)

natural and probable consequences doctrine; (2) he accepted a plea offer in lieu of a trial at which he could have been convicted of attempted murder; and (3) he could not presently be convicted of attempted murder because of changes to accomplice liability for murder made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).

The People opposed the petition on the ground that the record of conviction demonstrated that Lopez was the direct perpetrator and therefore ineligible for relief, because he could be convicted of attempted murder under a still-valid theory of liability. They argued that the evidence presented at the preliminary hearing and Lopez's admission of the firearm discharge enhancement established that he "was convicted as the actual killer" and not under any theory of accomplice liability.

At a hearing on February 24, 2023, the court asked Lopez's appointed counsel whether she planned to respond to the People's opposition, and counsel replied that she was submitting on the petition. The court took the matter under submission and issued its ruling at a hearing on May 26, 2023. The court summarized the officers' testimony from the preliminary hearing and concluded that the testimony established that Lopez "was prosecuted solely on the theory that he was the actual shooter in the attempted murder." The court further concluded that the firearm discharge enhancement "coincide[d] with that theory." On the basis of those conclusions, the court determined that Lopez failed to make a prima facie case for relief and summarily denied the petition.

## DISCUSSION

Lopez argues that the trial court's ruling was erroneous because he sufficiently alleged a case for relief and the record of conviction does not contain facts refuting the allegations of his petition. We agree.

I.       *Senate Bill 1437 and section 1172.6*

"The Legislature enacted Senate Bill 1437 'to more equitably sentence offenders in accordance with their involvement in homicides.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 448 (*Curiel*).) Effective January 1, 2019, the new law eliminated the natural and probable consequences doctrine and narrowed the definition of first degree felony murder "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); Pen. Code, §§ 188, 189.) As relevant here, Senate Bill 1437 eliminated the natural and probable consequences doctrine for murder and attempted murder by amending section 188 to provide that, with the exception of first degree felony murder under section 189, a defendant must "act with malice aforethought" in order to be convicted of murder, and "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also created former section 1170.95, now section 1172.6, which provided a mechanism for retroactive application of the amended law to those convicted of murder under prior law. (§ 1172.6.) Two years later, the Legislature amended that

5

provision to make it applicable to defendants convicted of attempted murder or manslaughter. (Stats. 2021, ch. 551, § 1; see also *Curiel*, *supra*, 15 Cal.5th at pp. 449-450.)

The resentencing procedure under section 1172.6 begins with the filing of a petition containing a declaration that the petitioner has satisfied the following requirements for eligibility: (1) the complaint or information filed against the petitioner allowed the prosecution to proceed "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine"; (2) the petitioner was "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and (3) the petitioner "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(1)-(3).)

Upon the filing of a facially sufficient petition, the trial court must appoint counsel for the petitioner if requested, permit the People to file a response, permit the petitioner to file a reply, and "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c); see generally *Lewis*, *supra*, 11 Cal.5th at pp. 971-972.) If the court determines that the petitioner has made a prima facie case, then the court must issue an order to show cause and hold an evidentiary hearing to determine

6

whether to vacate the conviction and to recall the sentence and resentence the petitioner on any remaining counts.  (§ 1172.6, subd. (d)(1).)

In *Lewis*, our Supreme Court explained prima facie review as follows:  "Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'"  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for . . . relief, the prima facie inquiry . . . is limited."  (*Ibid.*)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion,'" and the court should not "make credibility determinations."  (*Id.* at pp. 972, 974.)

It follows that the only facts in the record of conviction that will refute a petitioner's allegations are those that were either admitted by the petitioner or found true beyond a reasonable doubt by a trier of fact.  (See *People v. Jenkins* (2021) 70 Cal.App.5th 924, 933-935; see also *Curiel*, *supra* 15 Cal.5th at pp. 451-454 [facts in the record of conviction will ordinarily be given preclusive effect on prima facie review only if they satisfy the traditional elements of issue preclusion].)  As *Lewis* acknowledged, "the 'prima facie bar was intentionally and correctly set very low.'"  (*Lewis*, *supra*, 11

7

Cal.5th at p. 972.) "'[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'" (*Id.* at p. 971.)

II.     *Lopez made a prima facie case for relief*

Whether the record of conviction demonstrates that a petitioner is ineligible for relief "'is a purely legal conclusion, which we review de novo.'" (*People v. Ervin* (2021) 72 Cal.App.5th 90, 99, 101.) Lopez made a prima facie case for relief by alleging in his petition that (1) the charging document filed against him for attempted murder allowed the prosecution to proceed under the natural and probable consequences doctrine, (2) he was convicted of attempted murder after accepting a plea offer in lieu of a trial at which he could have been convicted of attempted murder, and (3) he could not presently be convicted of attempted murder because of the changes that Senate Bill 1437 made to section 188. Under *Lewis*, the trial court was required to treat those allegations as true and issue an order to show cause unless the record of conviction contains facts refuting Lopez's allegations. (*Lewis*, *supra*, 11 Cal.5th at p. 974.)

Lopez argues, and we agree, that the record of conviction contains no such facts. The trial court based its contrary conclusion on two aspects of the record of conviction: the preliminary hearing transcript and Lopez's admission of the firearm discharge enhancement. Neither supports the trial court's ruling.

A.     *The preliminary hearing transcript*

The trial court concluded that the police officers' testimony at the preliminary hearing demonstrated that Lopez acted alone and was therefore "prosecuted solely on the

8

theory that he was the actual shooter." Lopez argues that the court's reliance on that testimony constitutes an impermissible credibility determination under *Lewis*.

As a threshold matter, the People contend that Lopez forfeited that argument by failing to raise a hearsay objection to the admission of the officers' testimony at the hearing on his petition. The People assert that such an objection was necessary "to alert the trial court to the nature of the anticipated evidence and the basis on which exclusion is sought, and to afford the[m] . . . an opportunity to establish its admissibility." (*People v. Williams* (1988) 44 Cal.3d 883, 906.) We are not persuaded.

Lopez does not argue that the preliminary hearing transcript, or the police officers' testimony reflected in that transcript, was inadmissible. Rather, Lopez argues that the trial court engaged in impermissible factfinding at the prima facie stage in violation of *Lewis*. (See *Lewis*, *supra*, 11 Cal.5th at pp. 971, 974 [the court "may look at the record of conviction . . . to determine whether a petitioner has made a prima facie case," but "the court should not make credibility determinations" based on that record].) In any event, even though Lopez's failure to raise the point in the trial court could support treating the issue as forfeited, we would exercise our discretion to reach the merits of his argument for the sake of judicial economy. Because section 1172.6 does not prohibit the filing of successive petitions (*People v. Farfan* (2021) 71 Cal.App.5th 942, 950), it is more efficient to address Lopez's claim now on appeal than to require him to restart the petition process and raise the issue in a second petition.

Our appellate courts "are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing." (*Flores*, *supra*, 76 Cal.App.5th at p. 989.)  Some courts have held that evidence presented at a preliminary hearing can, if uncontroverted, establish ineligibility and support the denial of a section 1172.6 petition at the prima facie stage.  (*People v. Patton* (2023) 89 Cal.App.5th 649 (*Patton*), review granted June 28, 2023, S279670; *People v. Pickett* (2023) 93 Cal.App.5th 982, review granted Oct. 11, 2023, S281643; *People v. Mares* (2024) 99 Cal.App.5th 1158; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1166.) Other courts, like the one that decided *Flores*, have held that such reliance on the preliminary hearing transcript constitutes impermissible factfinding at the prima facie stage.  (*Flores*, at pp. 991-992; *People v. Davenport* (2021) 71 Cal.App.5th 476, 482 (*Davenport*); *People v. Das* (2023) 96 Cal.App.5th 954, 962-964 (*Das*); *People v. Rivera* (2021) 62 Cal.App.5th 217, 238 (*Rivera*) [applying the same conclusion to a grand jury transcript].)  After Lopez filed his petition, our Supreme Court granted review in *Patton* to decide whether "the trial court engage[d] in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny defendant's Penal Code section 1172.6 petition at the prima facie stage."  (*Patton*, *supra*, S279670.)

While the issue is pending before our high court, we follow the line of cases that strictly adhere to the prohibition against judicial factfinding on prima facie review of a section 1172.6 petition.  (See, e.g., *Davenport*, *supra,* 71 Cal.App.5th at p. 482 [concluding that "[t]he trial court engaged in 'impermissible factfinding' at the prima

10

facie stage by relying on facts taken from the preliminary hearing transcript that were not stipulated to or admitted"]; accord, *Flores*, *supra*, 76 Cal.App.5th at p. 991.) When a court relies on preliminary hearing testimony to deny a petition at the prima facie stage, it is necessarily making a credibility determination. The testimony has no probative value unless the court finds it credible. The fact that the testimony is uncontroverted makes a court's reliance on it no less of a credibility determination—uncontroverted testimony can still be inaccurate. A preliminary hearing is not a trial, and its purpose is merely to determine whether there is sufficient evidence to hold the defendant to answer. (See generally *People v. Superior Court (Mendez)* (2022) 86 Cal.App.5th 268, 276.) The defendant consequently has little incentive to introduce conflicting evidence at a preliminary hearing, and "a ruling holding a defendant to answer is in no way equivalent to a jury's factual finding or a defendant's admission." (*People v. Cooper* (2020) 54 Cal.App.5th 106, 124.) For these reasons, we find the *Patton* line of cases unpersuasive.

The People argue that the trial court's reliance on the officers' testimony did not violate *Lewis*'s prohibition against factfinding because Lopez stipulated to the preliminary hearing transcript as the factual basis for the plea. But that argument misunderstands the nature of the factual basis for a plea under California law. A stipulation to a factual basis for a plea is not an admission to particular facts of the offense.

In California, all negotiated pleas must be supported by a factual basis. (§ 1192.5, subd. (c); *People v. Hoffard* (1995) 10 Cal.4th 1170, 1180-1182.) The requirement exists

11

because the prospect of "substantially reduced punishment" can be such a powerful "motivating factor for a plea" that a negotiated plea "creates an especially high risk the defendant will plead to a crime he or she did not commit and for which no factual basis can be established." (*Id.* at p. 1182.) The factual basis requirement thus "helps ensure that the 'constitutional standards of voluntariness and intelligence are met.'" (*People v. Holmes* (2004) 32 Cal.4th 432, 438 (*Holmes*).)

Because its purpose is to ensure that the plea was voluntary and knowing, "[t]he factual basis required by section 1192.5 does not require more than establishing a prima facie factual basis for the charges. [Citation.] It is not necessary for the trial court to interrogate the defendant about possible defenses to the charged crime [citation], nor does the trial court have to be convinced of [the] defendant's guilt." (*Holmes*, *supra*, 32 Cal.4th at p. 441, fn. omitted.) In addition, "[a] defendant is not required to personally admit the truth of the factual basis of the plea, which may be established by defense counsel's stipulation to a particular document." (*People v. French* (2008) 43 Cal.4th 36, 50-51.) "Courts have consistently differentiated between an admission that a document or recitation contains a factual basis for a plea and an admission that statements in that document or recitation are true." (*People v. Hiller* (2023) 91 Cal.App.5th 335, 349.) Thus, absent an indication that a defendant admitted the truth of particular facts, a stipulation that a factual basis for a plea exists is not a factual admission and "therefore cannot be used to demonstrate that [a section 1172.6 petitioner] admitted to acting with actual malice." (*Rivera*, *supra*, 62 Cal.App.5th at p. 235; accord, *Flores*, *supra*, 76

12

Cal.App.5th at p. 991 [petitioner's stipulation that the preliminary hearing transcript provided a factual basis for his guilty plea to murder was not an admission to any particular facts of the offense].)

For all of these reasons, we conclude that the preliminary hearing transcript does not contain facts refuting the allegations of Lopez's petition.

B.      *The admitted firearm enhancement*

Lopez's admission of the firearm discharge enhancement also does not demonstrate that he is ineligible for relief.  The trial court concluded that the enhancement established that Lopez was the direct perpetrator of the attempted murder, but that conclusion was incorrect because an enhancement under section 12022.53, subdivision (c) does not require proof that the defendant acted with malice—that is, with an intent to kill or with conscious disregard for life.  (See *People v. Offley* (2020) 48 Cal.App.5th 588, 598 [the jury's true finding on the firearm discharge enhancement in § 12022.53, subd. (d) did not render the petitioner ineligible for relief under § 1172.6, because the enhancement "does not establish that the defendant acted with malice aforethought"].)

Quoting from *People v. Balbuena* (1992) 11 Cal.App.4th 1136, 1138, the People argue that the enhancement nevertheless negates the possibility that Lopez could have been convicted under the natural and probable consequences doctrine, because section 12022.53, subdivision (c) "distinguish[es] personal from vicarious liability."  The People have taken *Balbuena's* statement out of context.  The "personal" liability the opinion

refers to is for being armed with a gun, not for murder.  (*People v. Balbuena*, at p. 1139 [explaining that the term "personally" in the firearm enhancement statute "distinguishes personal from vicarious liability, requiring that the defendant himself be armed"].)

The fact that the firearm discharge enhancement does not require malice necessarily leaves open the possibility that the prosecution could have tried Lopez under the natural and probable consequences doctrine.  Under that doctrine, "'an accomplice is guilty not only of the offense he or she directly aided or abetted (i.e., the target offense), but also of any other offense committed by the direct perpetrator that was the 'natural and probable consequence' of the crime the accomplice aided and abetted (i.e., the nontarget offense).'"  (*Curiel*, *supra*, 15 Cal.5th at p. 449.)  In Lopez's case, the target crime would be one that involved the discharge of a firearm, such as assault with a firearm.  (See *Offley*, *supra*, 48 Cal.App.5th at p. 599 [the firearm discharge enhancement did not "exclude the possibility" that the jury believed that the defendant "intended to take part in a conspiracy to commit assault with a firearm" without harboring malice].)  Because the firearm discharge enhancement does not require malice, it cannot serve as a basis for concluding that Lopez was the direct perpetrator and thus ineligible for relief.

C.      *The People's additional arguments*

The People raise two additional arguments for affirming the trial court's ruling. First, they assert that the two offenses that Lopez was charged with, attempted murder and shooting from a motor vehicle, establish that they were prosecuting him as the direct perpetrator.  The argument is unavailing because the additional charge did not prohibit

14

the prosecution from proceeding on a natural and probable consequences theory on the attempted murder count, and the additional charge likewise did not constitute a factual admission or a factual finding beyond a reasonable doubt that Lopez was the direct perpetrator of the attempted murder. What matters for section 1172.6 eligibility purposes is which theory of liability the petitioner was "convicted under," not which offenses they were charged with. (*Curiel*, *supra*, 15 Cal.5th at p. 463.)

Second, the People argue that Lopez's guilty plea to attempted murder establishes that he "acted with a specific intent to kill." We disagree. The information alleged that Lopez "did unlawfully, and with malice aforethought attempt to murder [the victim]." "The allegation that a murder was committed "'willfully, unlawfully, and with malice aforethought'" is a well-recognized way of charging murder in [a] generic sense." (*Rivera*, *supra*, 62 Cal.App.5th at p. 233.) When attempted murder is charged in that generic manner, the charge does "'not limit the People to prosecuting [the defendant] on any particular theories.'" (*Ibid.*; accord, *Davenport*, *supra*, 71 Cal.App.5th at p. 484; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977.) Rather, a generic charge "allow[s] the prosecution to proceed on any theory of liability, including natural and probable consequences." (*People v. Eynon*, at p. 977 [concluding that defendant's guilty plea to a generic murder charge did not render him ineligible for relief under section 1172.6].) Thus, "[d]espite the allegation in the information that [Lopez] committed murder 'with malice aforethought,' he still could have been tried on any theory of murder." (*Davenport*, at p. 484.)

15

"This is the essential difficulty of interpreting the meaning of a plea to generic murder in the absence of a stipulation to the exact factual basis for the plea." (*Davenport*, *supra*, 71 Cal.App.5th at p. 484.) As the court explained in *Rivera*, although "a murder conviction after a plea has just as much 'weight and finality' as one after a trial . . . , this does not mean that the theory underlying each type of conviction can be ascertained with the same degree of certainty." (*Rivera*, *supra*, 62 Cal.App.5th at p. 236.) "The fact that a petitioner was not 'convicted of felony murder or murder under a natural and probable consequences theory' (§ 1170.95, subd. (a)) at trial may be conclusively determined if, for example, the jury did not receive instructions on either theory." (*Ibid.*) "In contrast, when a petitioner has entered a plea to murder after being charged by information or indicted, the record of conviction will generally lack any comparable assurance of the basis for the conviction." (*Id.* at p. 237.) On this record, because of the generic murder charge and the fact that none of the charged enhancements required a finding of malice, "it is not speculation that the People could have proceeded on a natural and probable consequences theory at trial," because "[n]othing in the charging document prevented the[m] . . . from doing so." (*Das*, *supra*, 96 Cal.App.5th at p. 964.)

In sum, although the record of conviction contains evidence to support a determination that Lopez was the direct perpetrator, reaching that determination necessarily requires factfinding and credibility determinations, which are prohibited at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 974.) Because the record of

16

conviction does not contain facts showing that Lopez was convicted under a still-valid theory of murder, denial of his petition without issuing an order to show cause was error.

## DISPOSITION

The order denying Lopez's petition is reversed, and the matter is remanded with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

I concur:

FIELDS
J.

17

[*People v. Jose Martin Lopez*, E081552]

RAMIREZ, P. J., Dissenting.

I disagree with the analysis of the majority opinion and acknowledge that this is an unsettled area of law, making it almost pointless to write separately.  I disagree with the "absolute" approach adopted by the majority in remanding for an evidentiary hearing every case in which the trial court considered the preliminary transcript, due to the proscription against making factual findings based on credibility determinations (see *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*)), in light of the Supreme Court's grant of review in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, and *People v. Pickett* (2023) 93 Cal.App.5th 982 (*Pickett*) review granted October 11, 2023, S281643.

The majority takes the position that any reliance on the preliminary hearing transcript at the prima facie stage involves improper fact finding and credibility determinations because the testimony has no probative value unless the court finds it is credible.  I disagree because not every case in which a court considers the preliminary hearing transcript involves improper factual determinations or credibility determinations. Instead, the preliminary hearing transcript, when considered along with the charging documents, can be considered to determine whether the People's theory of the prosecution relied on the now-invalid theories of imputed malice or felony murder based on the aider and abettor doctrine, and explicate the scope of the charges.

1

Further, to take an absolute position that any consideration of the preliminary hearing transcript necessarily involves credibility determinations leading to prohibited factual findings at the prima facie stage undermines the holding of *Lewis*. In determining whether the defendant made the requisite prima facie showing, the court may rely on the defendant's record of conviction. (*Lewis*, *supra*, 11 Cal.5th at p. 970; *People v. Flores* (2022) 76 Cal.App.5th 974, 988.) In cases where the conviction resulted from a guilty plea rather than a trial, the record of conviction may include the transcript of the defendant's preliminary hearing testimony when the transcript "reliably reflect[s] the facts of the offense for which the defendant was convicted." (*People v. Reed* (1996) 13 Cal.4th 217, 223; see *Pickett*, *supra*, 93 Cal.App.5th at p. 988, review granted.)

I agree that courts "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion'" in reviewing the record of conviction (*Lewis*, *supra*, 11 Cal.5th at p. 972), but when "the record … makes clear that [the petitioner] was the actual killer and the only participant in the killing," the petitioner "is not entitled to any relief under [Penal Code] section 1172.6." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233; see *People v. Garcia* (2022) 82 Cal.App.5th 956, 969–971 [where record of conviction "unequivocally establishes that defendant was the 'actual killer,'" defendant is not entitled to relief under Pen. Code § 1172.6 as a matter of law].) The same principles should apply where the defendant is convicted of an attempted killing and was the sole participant prosecuted as the actual shooter.

Here, defendant's plea included a stipulation that the preliminary hearing transcript established a factual basis, and defendant's petition failed to provide any factual allegations suggesting he was *not* the actual shooter and did not act alone. The preliminary hearing transcript and the charging documents established that the People prosecuted him as the sole perpetrator and actual shooter, and no references to other participants emerged from the preliminary hearing, eliminating any possibility he was prosecuted under a theory of imputed malice or felony murder as an aider or abettor. In other words, defendant was not prosecuted under a now-invalid theory of imputed malice (attempted murder requires a specific intent to kill (*People v. Mumin* (2023) 15 Cal.5th 176, 190) or felony murder.

Thus, as we held in *Pickett,* while the defendant included sufficient generic allegations to entitle him to the appointment of counsel, and included a legal conclusion in his petition that he could not now be convicted because of changes to the law affecting liability for attempted murder under Senate Bill No. 1437 (2017-2018 Reg. Sess.), he did not allege that he was not the actual shooter and there is nothing in the record to suggest that any other person was involved in the crime, so he was ineligible for resentencing as a matter of law. (*Pickett*, *supra*, 93 Cal.App.5th at p. 989, and cases cited.)

Granted, an intent to kill finding flowing from a conviction for attempted murder does not itself conclusively establish that a petitioner is ineligible for relief. (*People v. Curiel* (2023) 15 Cal.5th 433, 461, 463.) But "[w]hile a finding of intent to kill does not, itself, suffice to refute a petitioner's allegation under [Penal Code] section 1172.6, subdivision (a)(3), a trial court does not end its prima facie inquiry there. Other aspects

3

of the record, such as additional jury findings, might be relevant to the remaining elements of the relevant homicide offense and conclusively refute a petitioner's allegation that he or she could not be convicted of murder under current law." (*Curiel*, *supra*, at p. 463.)  In *Curiel,* the court reasoned that although "intent to kill is certainly blameworthy, it is insufficient standing alone to render a person culpable *for another's acts*." (*Id.* at p. 468, italics added.)

Defendant failed to allege that was prosecuted for another's acts, an essential ingredient for a prima facie showing under Penal Code section 1172.6, and the prosecution did not proceed on a theory of imputed malice or felony murder involving multiple participants, as is demonstrated by the nature of the allegations in the charging documents and the undisputed evidence from the preliminary hearing that no other participants were involved in the shooting.  A defendant who was convicted on a still-valid theory of murder or attempted murder is ineligible for relief as a matter of law. (§ 1172.6, subd. (a)(3); *People v. Guillory* (2022) 82 Cal.App.5th 326, 333 [negative finding on a kidnapping allegation entitles defendant to resentencing because she could be convicted of murder under current law].)  Therefore, defendant's allegations were refuted by the record of conviction showing he was the actual shooter, rendering him ineligible for relief as a matter of law.

The majority opinion ignores the fact that no credibility assessment of witness testimony was required to demonstrate that the People did not rely on a now-invalid theory of attempted murder in prosecuting defendant.  Because the evidence at the preliminary hearing was undisputed that defendant acted alone, it required no improper

4

credibility determination or factual finding to determine that defendant could still be found guilty of attempted murder even after the amendments to Penal Code sections 188 and 189.

The absolutist approach adopted by the majority runs contrary to the Supreme Court's holding in *Lewis*, *supra*, 11 Cal.5th 952 which permits the consideration of the record of conviction to determine if the allegations of the resentencing petition have been refuted, by remanding cases for an evidentiary hearing whenever the record of conviction involves a guilty plea and where the preliminary hearing transcript provides the factual basis for the plea. I would not go so far. I agree that at the prima facie stage, a trial court should not make a factual determination that one of two or more perpetrators was the actual killer where there were multiple perpetrators, or where the evidence adduced at the preliminary hearing was in dispute.

However, as the majority acknowledges, the preliminary hearing transcript contained uncontroverted evidence that Lopez was the direct perpetrator of the attempted murder. In situations like this, where the evidence in the preliminary hearing transcript is undisputed that there was a single perpetrator, a trial court should be permitted to consider whether it refutes the allegations of the petition by demonstrating that the defendant was not prosecuted under a now-invalid theory as an aider/abettor to a felony murder, or under a theory of imputed malice.

I realize that we are writing in the sand until the Supreme Court answers the questions posed in *Patton* and *Pickett*, but I cannot subscribe to an absolutist approach

given the inevitable outcome of any future evidentiary hearing.  I would affirm the judgment of the trial court.

RAMIREZ       
P. J.
